IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| DAVID M. KEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 1:21-CV-404-MHT-SRW |
| ) | [WO] |
| WEEKS – OFFICER, et al., ) | |
| ) | |
| Defendants. ) | |

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

### I. INTRODUCTION

David Key, an inmate proceeding *pro se*, brings this 42 U.S.C. § 1983 action against Officer Weeks, Officer Fordham, and the Houston County Commission. Key alleges that Officers Weeks and Fordham subjected him to excessive force on May 29, 2021. Upon review, the court concludes that the claims presented by Key against the Houston County Commission are subject to dismissal under 28 U.S.C. 1915A(b)(1).

### I. STANDARD OF REVIEW

The Prison Litigation Reform Act, as partially codified at 28 U.S.C. § 1915A, requires this Court to screen complaints filed by prisoners against government officers or employees as early as possible in the litigation. The court must dismiss the complaint or any portion thereof that it finds frivolous, malicious, seeks monetary damages from a defendant immune from monetary relief, or which states no claim upon which relief can be granted. 28 U.S.C. §1915A(b)(1) & (2). The court may *sua sponte* dismiss a prisoner's complaint prior to service. *See* 28 U.S.C. § 1915A(a).

Under § 1915A(b)(1) and § 1915(e)(2)(B)(i), a claim may be dismissed as "frivolous where it lacks an arguable basis in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim is frivolous as a matter of law where, *inter alia*, the defendants are immune from suit or the claim seeks to enforce a legal right that clearly does not exist. *Id*. at 327. Moreover, a complaint may be dismissed under 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted. A review on this ground is governed by the same standards as dismissals for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See Jones v. Bock*, 549 U.S. 199, 215 (2007). In order to state a claim upon which relief may be granted, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level" and must be a "plain statement possess[ing] enough heft to show that the pleader is entitled to relief." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 557 (2007) (internal quotation marks omitted, alteration incorporated). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal,* 556 U.S. at 678. When a successful affirmative defense, such as a statute of limitations, appears on the face of a complaint, dismissal for failure to state a claim is also warranted. *Jones*, 549 U.S. at 215.

*Pro se* pleadings "are held to a less stringent standard than pleadings drafted by attorneys" and are liberally construed. *Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2006). However, they "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

## II. DISCUSSION

### A. Houston County Commission

Key names the Houston County Commission as a defendant. The Houston County Commission and its individual members are absolutely immune from damages for claims arising from the appropriation of funds for the maintenance and operation of a county jail. *See Woods v. Gamel*, 132 F.3d 1417, 1420 (11th Cir. 1998) (holding Alabama county commissioners are entitled to absolute legislative immunity). Further, neither the county commission nor its individual members is responsible for the day-to-day operation of the Houston County Jail and they are not liable for injuries stemming from the operation of the county jails. *Turquitt v. Jefferson County, Alabama*, 137 F.3d 1285, 1289, 1291 (11th Cir. 1998). Under Alabama law, "an Alabama sheriff acts exclusively for the state rather than for the county in operating a county jail." *Id.* at 1288. "Alabama counties have no duties with respect to the daily operation of the county jails and no authority to dictate how the jails are run." *Id.* at 1291. "Alabama counties [also] are not liable under a theory of *respondeat superior* for a sheriff's official acts that are tortious." *McMillian v. Monroe Cty., Ala.*, 520 U.S. 781, 789 (1997). Thus, Key's complaint against the Houston County Commission is subject to summary dismissal under 28 U.S.C. § 1915A(b)(1).

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. Plaintiff's claims against the Houston County Commission be DISMISSED without prejudice prior to service of process under 28 U.S.C. § 1915A(b)(1).

2. The Houston County Commission be DISMISSED as a defendant.

3. This case with respect to Plaintiff's claims against Defendants Weeks and Fordham be referred to the undersigned for further proceedings.

**On or before June 29, 2021**, Plaintiff may file an objection to the Recommendation. Any objection filed must specifically identify the factual findings and legal conclusions in the Magistrate Judge's Recommendation to which Plaintiff objects. Frivolous, conclusive or general objections will not be considered by the District Court. This Recommendation is not a final order and, therefore, it is not appealable.

Failure to file a written objection to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11TH Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Shipman*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE on this the 15th day of June, 2021.

/s/ Susan Russ Walker
Susan Russ Walker
United States Magistrate Judge