IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| DAVID M. KEY, <br> AIS 320502, <br><br> Plaintiff, <br><br> v. <br><br> OFFICER WEEKS, et al., <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) CASE NO. 1:21-CV-404-MHT-CSC <br> ) <br> ) <br> ) <br> ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.   INTRODUCTION**

Plaintiff David Key filed this pro se 42 U.S.C. § 1983 action on June 7, 2021, against Charles Weeks and Jared Fordham, Correctional Officers employed by the Houston County Sheriff's Office. Key alleges Defendants subjected him to excessive force on May 29, 2021, for requesting a shower. Doc. 1 at 2–3. In an attachment to the Complaint Key infers he was also subjected to unconstitutional conditions of confinement at the jail. Doc. 1-1. For relief, Key requests Defendants lose their jobs because of the challenged incident, and he is therefore "trying to stop them before the next [time]." Doc. 1 at 4.

Key filed this action while incarcerated at the Houston County Jail in Dothan, Alabama. The docket reflects that since filing this action Key has been transferred to an institution operated by the Alabama Department of Corrections. Based on Key's Complaint and the specific relief sought, the undersigned concludes this action is due to be dismissed for lack of jurisdiction because it is moot.

## II.   PROCEDURAL BACKGROUND

Key brings this § 1983 action for injunctive relief claiming Defendants subjected him to excessive force because "they jumped on [him] because he wanted a shower" and that after he was handcuffed Officer Weeks "still had his knee in my head and neck." Doc. 1 at 2–3. In an attachment to the Complaint, Key complains that as an assault risk he was required to shower in handcuffs and shackles and his mat and blanket were taken away and he had to "sleep on the steel." Doc. 1-1 at 1. Defendants filed an Answer, Special Report, and supporting evidentiary material addressing Key's claims for relief. Doc. 22. In these filings, Defendants deny they acted in violation of Key's constitutional rights. However, as explained, Key is no longer confined at the Houston County Jail having been transferred to the St. Clair Correctional Facility in Springville, Alabama, during the pendency of this action and his claim for injunctive relief against the named defendants is therefore moot.

## III.   DISCUSSION

"Article III of the Constitution limits the jurisdiction of the federal courts to the consideration of 'Cases' and 'Controversies.'" *Mingkid v. U.S. Att'y Gen.*, 468 F.3d 763, 768 (11th Cir. 2006) (citation omitted). Thus, "a federal court 'ha[s] an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party.'" *Thompson v. Alabama*, 293 F. Supp. 3d 1313, 1328 (M.D. Ala. 2017) (quoting *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006)). "A moot case is nonjusticiable, and Article III courts lack jurisdiction to entertain it." *Troiano v. Supervisor of Elections in Palm Beach Cnty., Fla.*, 382 F.3d 1276, 1281 (11th Cir. 2004).

Courts do not sit to render advisory opinions. *North Carolina v. Rice*, 404 U. S. 244, 246 (1971). An actual controversy must exist when the case is pending. *Steffel v. Thompson*, 415 U. S. 452, 459 n.10 (1974). A claim becomes moot when the controversy between the parties is no longer alive because one party has no further concern in the outcome. *Weinstein v. Bradford*, 423 U.S. 147 (1975); *Flast v. Cohen*, 392 U.S. 83, 95 (1968) ("[N]o justiciable controversy is presented . . . when the question sought to be adjudicated has been mooted by … developments" subsequent to filing of the complaint.). Federal courts may not rule upon questions hypothetical in nature, or which do not affect the rights of the parties. *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477 (1990). "Article III requires that a plaintiff's claim be live not just when he first brings suit, but throughout the litigation." *Tucker v. Phyfer*, 819 F.2d 1030, 1034 (11th Cir. 1987). Where the only relief requested is injunctive, it is possible for events subsequent to filing the complaint to make the matter moot. *Seay Outdoor Advert., Inc. v. City of Mary Esther, Fla.*, 397 F.3d 943, 946 (11th Cir. 2005) ("Mootness can occur due to a change in circumstances[ ] or ... a change in the law."); *Nat'l Black Police Ass'n v. D.C.*, 108 F.3d 346, 350 (D.C. Cir. 1997) (change in statute); *Williams v. Griffin*, 952 F.2d 820, 823 (4th Cir. 1991) (transfer of prisoner); *Tawwab v. Metz*, 554 F.2d 22, 23 (2d Cir. 1977) (change in policy). Because mootness is jurisdictional, dismissal is required when an action is moot as a decision in a moot action would be an impermissible advisory opinion. *Al Najjar v. Ashcroft*, 273 F.3d 1330, 1336 (11th Cir. 2001).

"The general rule in our circuit is that a transfer or a release of a prisoner from prison will moot that prisoner's claims for injunctive and declaratory relief." *Smith v. Allen*, 502

F.3d 1255, 1267 (11th Cir. 2007), *abrogated by Sossamon v. Texas*, 563 U.S. 277 (2011)); *see also Zatler v. Wainwright*, 802 F.2d 397, 399 (11th Cir. 1986) (concluding that inmate's release from prison mooted claim for declaratory and injunctive relief). "The reason for this rule is that injunctive relief is 'a prospective remedy, intended to prevent future injuries,' ... and, as a result, once the prisoner has been released, the court lacks the ability to grant injunctive relief and correct the conditions of which the prisoner complained." *Smith*, 502 F.3d at 1267 (internal citation omitted, otherwise citing to *Wahl v. McIver*, 773 F.2d 1169, 1173 (11th Cir. 1985) (per curiam) (stating that a prisoner's past exposure to sub-par conditions in a prison "does not constitute a present case or controversy involving injunctive relief")); *Adler v. Duval Cnty. Sch. Bd.*, 112 F.3d 1475, 1477 (11th Cir. 1997) (explaining that "[e]quitable relief is a prospective remedy, intended to prevent future injuries."). Thus, "[w]hen the threat of future harm dissipates, the plaintiff's claims for equitable relief become moot because the plaintiff no longer needs protection from future injury." *Id.*; *Church v. City of Huntsville*, 30 F.3d 1332, 1337 (11th Cir. 1994) (quotation marks and citation omitted) (observing that "[l]ogically, a prospective remedy will provide no relief for an injury that is, and likely will remain, entirely in the past."). In the context of a § 1983 action filed by a prisoner, such as this, a prayer for declaratory or injunctive relief becomes moot upon the transfer or release of that prisoner from the facility where his cause of action arose. *See, e.g., Wahl*, 773 F.2d at 1173 (holding that "an inmate's claim for injunctive and declaratory relief in a section 1983 action fails to present a case or controversy once the inmate has been transferred.").

Here, the only relief sought by Key is injunctive relief. It is undisputed that Key is no longer incarcerated at the Houston County Jail where the allegedly unconstitutional conduct about which he complains occurred. He therefore is not subject to the conditions about which he complains in this lawsuit. There is no indication Key will be returned to the Houston County Jail much less be returned in the immediate future. "Past exposure to illegal conduct does not in itself show a pending case or controversy regarding injunctive relief if unaccompanied by any continuing, present injury or real and immediate threat of repeated injury." *Cotterall v. Paul*, 755 F.2d 777, 780 (11th Cir. 1985) (quotation marks and citation omitted). Absent is any showing of a "continuing, present injury or real and immediate threat of repeated injury" to Key. *See Id*. (observing that a transfer of the plaintiff back to the county jail if he was again incarcerated at a minimum-security facility and charged with a disciplinary infraction was too speculative to satisfy the required injury element).

For these reasons, the Court finds Key's Complaint is moot. Because there is no present case or controversy to support the Court's jurisdiction over Key's claims against the named defendants, the Complaint is due to be dismissed without prejudice for lack of jurisdiction.

## IV.   CONCLUSION

Accordingly, the undersigned Magistrate Judge RECOMMENDS that:

1. Plaintiff's Complaint be DISMISSED without prejudice for lack of jurisdiction due to mootness.

2. No costs be taxed.

Further, it is ORDERED that by **March 26, 2024**, the parties may file objections to this Recommendation. The parties must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made. Frivolous, conclusive, or general objections will not be considered by the Court. The parties are advised that this Recommendation is not a final order and, therefore, is not appealable.

Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with 28 U.S.C. § 636(b)(1) will bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waive the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except on grounds of plain error or manifest injustice. *Resol. Tr. Corp., v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11TH CIR. R. 3-1.

Done, this 12th day of March 2024.

    /s/   Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE